Robert M. Carlson
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street
P.O. Box 509
Butte, MT  59703
PH   :  406-782-5800
FAX  :  406-723-8919
bcarlson@cpklawmt.com

Attorneys for Defendant
Sturm, Ruger & Co., Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | | |
|---|---|---|
| AUSTIN HILDE, | * | No. CV-19-73-DLC |
| | * | |
| Plaintiff, | * | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** |
| v. | * | |
| | * | |
| STURM, RUGER & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

Defendant Sturm, Ruger & Co., Inc., by its undersigned attorney, answers Plaintiff's Complaint as follows:

1. Defendant admits that Plaintiff is a citizen of Montana. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1.

2. Defendant admits the allegations of Paragraph 2.

3. Defendant admits that it designed and manufactured the subject rifle. Defendant denies the remaining allegations of Paragraph 3.

4. Defendant admits that the subject rifle included a bolt-lock feature which requires the safety to be in the "off" position to operate the bolt. Defendant denies the remaining allegations of Paragraph 4.

5. Defendant denies the allegations of Paragraph 5.

6. Defendant denies the allegations of Paragraph 6.

7. Defendant denies the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant denies the allegations of Paragraph 9.

In response to the unnumbered paragraph of Plaintiff's Complaint beginning with "WHEREFORE," including subparts (1) through (3), Defendant admits only that Plaintiff prays for compensatory and punitive damages, and costs and disbursements. Defendant denies the averments and allegations contained in the unnumbered paragraph and specifically denies that Plaintiff is entitled to any type or amount of compensation or recovery from Defendant.

## **AFFIRMATIVE DEFENSES**

As and for its affirmative defenses to Plaintiff's Complaint, Defendant states as follows:

1. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. The conduct of Wayne Morgan negates Plaintiff's claim that one or more of the alleged defects in the rifle was a substantial factor in causing Plaintiff's injuries and damages.

3. To the extent Plaintiff alleges Defendant was negligent, Plaintiff's Complaint is barred by the provisions of Mont. Code Ann. § 27-1-719(5)(a) and § 27-1-719(5)(b) and/or barred or reduced in proportion to the amount of negligence attributable to Plaintiff under Mont. Code Ann. § 27-1-702.

4. To the extent Plaintiff alleges Defendant was negligent, the alleged injuries or damages to Plaintiff, if any, were caused by the intervening or superseding acts or omissions of other persons or entities not under the control of Defendant and for whom or which Defendant is not responsible.

5. To the extent Plaintiff alleges Defendant was negligent, the alleged injuries and damages of the Plaintiff, if any, were proximately caused by the intervening or superseding misuse, abuse, alteration, and/or failure to properly maintain or care for the subject rifle by persons other than Defendant.

6. Defendant complied with any and all obligations under Montana law.

7. Defendant is not liable because the firearm involved in the shooting was reasonably safe for the purpose for which it was intended, and it was not defective and unreasonably dangerous when it left Defendant's control.

8. In the event Plaintiff has received or may receive payments from a collateral source as a result of any claimed injuries, in whole or in part, for which Plaintiff seek damages herein, Plaintiff's recovery should be reduced by any amount paid or payable by such collateral source pursuant to Mont. Code Ann. § 27-1-308.

9. Plaintiff's claims should be barred or reduced by his failure to take reasonable care to minimize alleged damages or to mitigate damages.

10. To the extent Plaintiff alleges Defendant was negligent, any injuries, losses or damages allegedly suffered by Plaintiff were caused or contributed to by the acts or omissions of other persons or entities and the recovery, if any, against Defendant must be reduced in proportion to the amount of fault attributable to such other persons or entities under Mont. Code Ann. § 27-1-703.

11. Plaintiff's claimed injuries and damages, if any, were not reasonably foreseeable to Defendant.

12. Plaintiff's claims for punitive damages are barred by the Equal Protection, Due Process, Excessive Fines and Double Jeopardy provisions of the United States and Montana Constitutions.

13. Defendant was not egregious, willful, grossly negligent, fraudulent, acting with actual malice, or reckless and it cannot be liable or responsible for exemplary or punitive damages. Plaintiff's claim for exemplary or punitive damages is precluded or, at a minimum, limited by the provisions of Montana Code Annotated Sections 27-1-220 and 27-1-221.

14. Any award of exemplary or punitive damages against Defendant based on conduct outside of this jurisdiction would impose unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution and would be in violation of the United States Supreme Court's holding in *State Farm v. Campbell*, 538 U.S. 408 (2003). The United States Supreme Court has held that a State has no legitimate interest in punishing conduct that took place outside the State's borders, that was "lawful where it occurred" and that "had no impact" on the State seeking to impose the punishment. *BMW of North America Inc. v. Gore*, 517 U.S. 559, 572 (1996).

15. Exemplary or punitive damages may not be awarded against Defendant:

    a. Without proof of every element beyond a reasonable doubt, or in the alternative, without proof by clear and convincing evidence;

    b. Without bifurcating or severing the trial of all exemplary or punitive issues, including exemplary or punitive liability;

c. With no limits, including no maximum amount that a jury may impose in this jurisdiction;

d. With no limits, including the constitutional prohibition against exemplary or punitive damages awards being greater than a single-digit multiplier of any compensatory award, *see State Farm v. Campbell*, 538 U.S.408 (2003);

e. Which improperly compensates Plaintiff for elements of damage not otherwise recognized under the laws of this jurisdiction;

f. Without standards of sufficient clarity for determining the appropriateness or appropriate size of the award;

g. Without consideration of the three constitutional guideposts of reprehensibility, ratio, and civil penalties, *see State Farm v. Campbell*, 538 U.S.408 (2003);

h. Without appropriate instructions on the limits of exemplary or punitive damages imposed by the applicable standards of deterrence and punishment; and

i. Under a vague and arbitrary standard that does not define the necessary conduct or mental state required for exemplary or punitive damages.

16. A "total revenues" analysis of profits derived from the sale of a product flouts the United States Supreme Court's ban on extraterritorial punishment, interferes with the policy choices of other States and the federal government and imposes undue burdens on interstate commerce in violation of both the Due Process Clause and the Commerce Clause, *BMW of North America, Inc. v Gore*, 517 U.S. 559, 571-572 (1996).

17. The United States Supreme Court has rejected the constitutionality of a punitive damages award which was determined by using the defendant's wealth as a guidepost. *BMW of North America, Inc. v Gore*, 517 U.S. 559, 585 (1996).

18. Montana has no more right under the Constitution to calculate punitive damage awards based on Defendant's profits from sales in other jurisdictions than it does to impose a sales tax on such out-of-state sales. *See Moorman Mfg. Co. v. Bair*, 437 U.S. 267, 273 (1978). "The principle that a State may not tax value earned outside its borders rests on the fundamental requirement of both the Due Process and Commerce Clauses that there be 'some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax.'" *Allied-Signal, Inc. v. Director, Div. of Taxation*, 504 U.S. 768, 777 (1992) (invalidating New Jersey's taxation of gain on out-of-state sale of asset) (quoting *Miller Bros. Co. V. Maryland*, 347 U.S. 340, 344-45 (1945)). *See also Norfolk & W. R. Co. v. Missouri State Tax Comm'n*, 390 U.S. 317, 325 (1968)

(invalidating application of Missouri tax apportionment statute to railroad's rolling stock); *Hans Rees' Sons, Inc. v. North Carolina*, 283 U.S. 123, 133-35 (1931) (invalidating application of North Carolina tax apportionment statute to New York manufacturer of leather goods).

19. Any calculation or award of exemplary or punitive damages against Defendant based in whole or in part upon its alleged conduct toward nonparties is unconstitutional and constitutes a taking of their property without due process. *Phillip Morris v. Williams*, 127 S.Ct.1057 (2007).

20. Defendant gives notice that it intends to rely upon such other and further defenses as may become available or apparent to it during discovery and reserves the right to amend this Answer to assert any such defenses.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to judgment against it in any amount whatsoever and requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, at Plaintiff's costs.

### JURY DEMAND

Defendant hereby demands a jury for any genuine issue of material fact.

DATED this 29th day of April, 2019.

/s/ Robert M. Carlson
Corette Black Carlson & Mickelson
Attorneys for Sturm, Ruger, & Co., Inc.